SCMF-12-0000538

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

_____

In the Matter of the

SEPTEMBER 2020 BAR EXAM

_____

<u>ORDER REGARDING THE SEPTEMBER 2020</u>
<u>BAR EXAM IN LIGHT OF COVID-19</u>
(By:  Recktenwald, C.J., Nakayama, and McKenna, JJ., and
Intermediate Court of Appeals Chief Judge Ginoza,
assigned by reason of vacancy,
with Wilson, J., concurring separately)

WHEREAS, there exist significant logistical challenges and health concerns surrounding sitting for a traditional bar exam during the COVID-19 pandemic, and

WHEREAS, although protective measures such as social distancing, health screening, use of masks, and enhanced cleaning will be implemented for the Hawai‘i bar exam now scheduled for September 9 and 10, 2020, nevertheless significant concerns may still exist for some applicants, which present a

compelling reason for providing an alternative to sitting for the examination in person.

NOW, THEREFORE, the court hereby orders that individuals who registered for the written bar examination now scheduled for September 9 and 10, 2020 who are approved by order of this court to sit for that exam may, in the alternative to completing the written examination, elect to be provisionally admitted as an attorney of this State, without written examination, by provisional license that shall expire on July 1, 2022, as provided below:

I.  **Requirements for admission as a provisional licensee and acknowledgements of applicant requesting provisional license.**

(1) If not currently licensed and in good standing in another U.S. jurisdiction, the applicant may not have failed the Hawaiʻi bar exam or the bar exam of another U.S. jurisdiction without subsequent success in that or another U.S. jurisdiction;

(2)  The applicant must carefully review the Hawaiʻi Rules of Professional Conduct and Rule 2 of the Rules of the Supreme Court of the State of Hawaiʻi.  By requesting a provisional license, the applicant attests to having done so and acknowledges the jurisdiction of the Hawaiʻi disciplinary authorities over the applicant's professional conduct;

(3)  By requesting a provisional license, the applicant acknowledges understanding that the applicant may not practice law pursuant to the provisional license except under the supervision of an actively licensed Hawaiʻi attorney who is physically present in the State, as required by Section III, below.

(4)  The applicant must be in compliance with Rule 1.3 of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH), with the exception of Rule 1.3(g)(1) (requiring completion of the written examination) and Rule 1.3(g)(6) (requiring submission of a passing score for the Multi State Professional Responsibility Exam (MPRE)), which are suspended.

**II.  Form of license and time and manner of admission.**

(1)  The license to be given to an attorney issued pursuant to this order shall be in the following form:

Supreme Court of Hawaiʻi

_____, having been found to be of good moral character and to possess the necessary legal and educational qualifications, is hereby provisionally licensed to practice in all the courts of the State of Hawaiʻi, pursuant to and subject to the terms set forth in the July 22, 2020 Order of the Supreme Court of the State of Hawaiʻi, granting provisional licensure, as an attorney, counselor and solicitor during good behavior, until July 1, 2022, at which time, pursuant to the July 22, 2020 order, this provisional license expires.

Given under the seal of the Supreme Court, this _____ day of _____, 20___.

FOR THE COURT:

Chief Justice

3

(2)  If the Board of Examiners ("Board") concludes that the applicant qualifies under the terms of this order, the applicant shall be eligible to be provisionally licensed to practice law on the same date as applicants who take and pass the September 2020 bar and to be provisionally enrolled as a member of the bar of this jurisdiction, with the same obligations and duties as other attorneys imposed by the RSCH, including Rule 1.14, regarding the Professionalism Course, Rule 2, regarding discipline, Rule 17, regarding registration and administrative processes, and Rule 22, regarding Continuing Legal Education requirements.

**III. Practice requirements.**

An attorney licensed under this limited provisional license shall practice under the direct supervision, pursuant to Rule 5.1 of the Hawaiʻi Rules of Professional Conduct, of an actively licensed Hawaiʻi attorney who maintains a physical presence in Hawaiʻi, whose name shall also appear as counsel on all pleadings and filings in the courts of this jurisdiction. Unless fully admitted to the Hawaiʻi bar by July 1, 2022, the provisional licensee must file notices of withdrawal of counsel by July 1, 2022 in all cases in which the provisional licensee appears as counsel, whether in person or in pleadings or filings.

Failure to comply with these limitations and requirements on practice by the provisional licensee may constitute the unauthorized practice of law and may result in the immediate suspension of the license or other disciplinary action.

**IV.  Term Limitation.**

The provisional license granted under this order shall terminate before July 1, 2022 as follows:

(1) 30 days after the provisional licensee is notified of the failing of a bar exam in this or another U.S. jurisdiction. The provisional licensee must immediately inform the Board of any such notification from another U.S. jurisdiction;

(2)  30 days after the provisional licensee resigns this provisional license, pursuant to Rule 1.10 of the RSCH; or

(3) the provisional licensee successfully completes the standard admission process for full admission to the Hawaiʻi Bar, pursuant to Rule 1.3 *et seq.* of the RSCH.

Furthermore, nothing in this order shall affect the power of the supreme court to terminate this provisional license pursuant to Rule 2 of the RSCH.

IT IS FURTHER ORDERED that the clerk of the court, in addition to posting this order publicly, shall serve it upon all applicants to the Hawaiʻi bar exam in good standing for the

5

upcoming September, 2020 exam, including those applicants who have previously informed the Board of their intention to defer the exam.

IT IS FURTHER ORDERED that such current applicants shall inform the Board's staff by electronic mail to baradmissions@courts.hawaii.gov by July 28, 2020 of their intentions regarding whether they will sit for the September 2020 exam, defer sitting for the exam until a later date, or defer the written exam while pursuing the provisional license. Those applicants who pursue the provisional license and/or defer sitting for the exam will not be required to pay an additional application fee for the provisional license or when they take the exam.

DATED:  Honolulu, Hawai'i, July 22, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S McKenna

/s/ Lisa M. Ginoza

